**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1113
_____

DA CHEN CHEN,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A089-255-881)
Immigration Judge:  Honorable Susan G. Roy

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 19, 2013
Before:  RENDELL, CHAGARES and NYGAARD, Circuit Judges

(Opinion filed: July 19, 2013)
_____

OPINION
_____

PER CURIAM

Da Chen Chen ("Chen") petitions for review of the Board of Immigration

Appeals' ("BIA" or "Board") denial of his motion to reopen.  For the following reasons,

we will deny the petition for review.

I.

In 2008, Chen appeared before an Immigration Judge ("IJ") for removal proceedings and sought asylum on the basis of China's family planning policy. The IJ found his testimony lacking in credibility and ordered him removed to China. The BIA dismissed Chen's appeal in September 2009, and we denied his subsequent petition for review in Chen v. Att'y Gen., 392 F. App'x 946 (3d Cir. 2010).

More than two years later, Chen filed a counseled motion to reopen with the BIA. He stated that he had converted to Christianity in 2011 and that the Chinese government had increased its persecution of members of unregistered Christian groups between 2008 and 2012. In denying his motion, the BIA determined that Chen's evidence neither established a change in country conditions nor demonstrated that he would suffer persecution upon his return to China. Accordingly, the Board determined that Chen lacked a basis for filing his motion to reopen after the 90-day deadline had passed. Through counsel, Chen filed a timely petition for review.

II.

We have jurisdiction under 8 U.S.C. § 1252, and we review denials of motions to reopen under a deferential abuse of discretion standard.[1] See Sevoian v. Ashcroft, 290 F.3d 166, 170, 174 (3d Cir. 2002). The BIA's decision "will not be disturbed unless [it

---

[1] Because we find that the BIA's decision was not arbitrary, irrational, or contrary to law, we do not reach the BIA's alternative determination that Chen did not establish a prima facie case for asylum relief. See Sevoian, 290 F.3d at 169-70 (3d Cir. 2002) (citing INS v. Abadu, 485 U.S. 94, 105 (1988) (stating that the Board may deny a motion to reopen in asylum cases where it determines that "the movant would not be entitled to the discretionary grant of relief").

is] found to be arbitrary, irrational, or contrary to law." Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004) (citation omitted). A motion filed more than 90 days after the Board's final decision cannot be entertained unless it "is based upon changed country conditions proved by evidence that is material and was not available and could not have been discovered or presented at the previous proceeding." Pllumi v. Att'y Gen., 642 F.3d 155, 161 (3d Cir. 2011). A renewed asylum application based on changes in personal circumstances filed outside of this 90-day period must be accompanied by a motion to reopen that successfully shows changed country conditions since the time of the petitioner's first asylum application. Liu v. Att'y Gen., 555 F.3d 145, 150 (3d Cir. 2009); Filja v. Gonzales, 447 F.3d 241, 252 (3d Cir. 2006).

Chen does not dispute that his motion to reopen was filed more than 90 days after the BIA's final decision. Instead, he asserts that the Board abused its discretion by "cherry-picking" the record to find that Chen failed to establish changed country conditions. We have previously stated that the BIA is required to consider a party's evidence of changed country conditions, and that it "should provide us with more than cursory, summary or conclusory statements, so that we are able to discern its reasons for declining to afford relief to a petitioner." Zheng v. Att'y Gen., 549 F.3d 260, 268 (3d Cir. 2008) (quoting Wang v. BIA, 437 F.3d 270, 275 (2d Cir. 2006)). However, it need not "parse or refute on the record each individual argument or piece of evidence offered by the petitioner." Id. Here, the BIA reviewed, among the evidence that Chen submitted, Chen's baptism certificate, documents from Chen's church in the United States, a letter from Chen's wife, news articles from 2011, and the 2010 Department of State

3

International Religious Freedom Report. It then compared the 2010 International Religious Freedom Report to the Department of State's 2007 country reports, included in the record from Chen's previous proceedings, to support its finding that Chen's evidence was inadequate to demonstrate the existence of changed country conditions.[2]

To the extent that Chen argues the Board erred by failing to find the existence of changed country conditions, we conclude that the BIA's determination was reasonable in light of the evidence presented by Chen. The 2010 International Religious Freedom Report establishes that the practice of Christianity in China is restricted to churches registered with the government, and that leaders and members of unregistered churches have continued to face detention for religious activities. This report also notes that "[s]ince 1999, the Secretary of State has designated [China] as a 'Country of Particular Concern' under the International Religious Freedom Act (IRFA) for particularly severe violations of religious freedom." (A.R. 63.) See Ambartsoumian v. Ashcroft, 388 F.3d 85, 89 (3d Cir. 2004) (country reports described as the "most appropriate" and "perhaps best resource" on country conditions). Furthermore, the letter Chen submitted from his wife detailing how she was detained twice after police raided her underground church can be viewed as an illustration of the continuous persecution of Christians in China, not as demonstrating a change in country conditions. Based upon the evidence, the BIA plausibly concluded that restrictions upon religious freedom have persisted in China since

---

[2] We agree with the BIA that Chen's conversion to Christianity constitutes a change in personal circumstances rather than country conditions. See Liu, 555 F.3d at 150.

4

before Chen's 2008 hearing.  See Pllumi, 642 F.3d at 161 (BIA did not err in denying reopening where "the conditions described have persisted").

III.

After reviewing the record, we conclude that the Board's decision to deny Chen's motion to reopen was not arbitrary, irrational, or contrary to law.  Accordingly, we will deny the petition for review.